IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MOZART NOEL,

    Petitioner,

vs.                                  Case No. 4:13cv249-MW/CAS

SHERIFF CHARLES CREEL,
et al.,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

Petitioner has filed an amended petition, doc. 15, asserting due process claims concerning mandatory detention and the denial of a bond hearing and without a finding that he is a threat to National Security or a poor bail risk. Petitioner also challenges his detention under the ruling of Zadvydas v. Davis, 533 U.S. 678 (2001). Doc. 15 at 2, 8. Thus, this petitioner challenges Petitioner's detention both *pending* removal proceedings and *after* entry of a final order of removal.

The amended petition asserts that Petitioner has been in detention for "over 20 months," *Id.* at 8, and it appears that Petitioner was ordered removed on January 8, 2013. *Id.* at 6. It does not appear that Petitioner's order of removal is final because Petitioner indicates his appeal to the Board of Immigration Appeals was filed on

February 4, 2013, and is still pending. *Id.* at 6. It is clear, however, that Petitioner filed this § 2241 prematurely to seek release under Zadvydas.

In Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. The Court further "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005). The six months period of time is calculated from the time a removal order becomes "final." Clark, 125 S.Ct. at 728; *see also* Benitez v. Wallis, 402 F.3d 1133, 1135 11th Cir. 2005).

Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

    (1) The date the order of removal becomes administratively final.

    (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

    (3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). As the Eleventh Circuit concluded in Akinwale v. Ashcroft that the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). In Akinwale, the petitioner filed the § 2241 petition after having been in detention for only four months. *Id.*, at 1051. It is not enough that the period of

time expired by the time the petition is ruled on the by the court, the Zadvydas period must have expired before the petition is filed. 287 F.3d at 1051-52.

This case is controlled by Akinwale. Regardless of whether Petitioner's appeal is still pending before the Board of Immigration Appeals and he has yet to receive a "final" order of removal, Petitioner initiated this habeas petition on February 11, 2013, doc. 1, in the Southern District of Florida. As of that date, Petitioner had not been in detention for six months beyond the final order of removal. Thus, as a matter of law, the petition must be dismissed under Akinwale as it was prematurely filed.

As for Petitioner's claim concerning the denial of a bond hearing, Petitioner's challenge to the mandatory detention provision of 8 U.S.C. § 1226(c) must fail.[1] Petitioner admitted in the amended petition that he has a prior "felony conviction," doc. 15 at 3, although the exact nature of that conviction is unknown. Petitioner claims his due process rights were violated because he was denied a bond hearing and it was "never proved [that Petitioner] was a threat or endangerment to the United States . . . ." *Id.* at 3, 8, and 9. Petitioner contends that mandatory detention "does not apply to an alien who has been taken into custody 1 month[2] after release from state custody for enumerated offense." *Id.* at 9. He contends an "Alien generally is and should not be detained or required to post bond except on finding that he is a threat to National

---

[1] The statute "provides that '[t]he Attorney General shall take into custody any alien who' is removable from this country because he has been convicted of one of a specified set of crimes." Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712 (2003).

[2] The amended petition inconsistently alleges he was taken into custody "almost 7 years after being released from state custody," *Id.* at 9, and "I was apprehended over 11 years after my felony conviction." *Id.* at 3.

Security or he is a poor bail risk." *Id.* at 8. The Supreme Court has, however, ruled the opposite of Petitioner's claim. In considering a constitutional challenge to the detention policy reflected in § 1226(c), the Court held "that Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." Demore v. Kim, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712 (2003). While aliens are entitled to due process in removal proceedings, the Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." Demore, 538 U.S. at 523, 123 S.Ct. at 1717.[3]

Petitioner here does not argue that he should not have been included in the mandatory detention category. Petitioner merely asserts that he "never received a bond hearing and was subject to mandatory detention." Doc. 15 at 8. Because such detention is permissible as established by Demore, this case should be dismissed for failure to state a claim.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended § 2241 petition filed by **MOZART EMMANUEL NOEL** doc. 15, be **DISMISSED** because it was prematurely filed, because Petitioner failed to demonstrate that he was entitled to relief pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653

---

[3] The Court noted that the detention at stake under § 1226(c) is relatively short, usually lasting just "a month and a half in the vast majority of cases in which it is invoked," as opposed to the "indefinite" and "potentially permanent" detention period challenged in Zadvydas. Demore, 538 U.S. at 529-30, 123 S.Ct. at 1720-21.

(2001), and because mandatory detention without a bond hearing is authorized under § 1226(c) and <u>Demore v. Kim</u>, 538 U.S. 510, 513, 123 S.Ct. 1708, 1712 (2003).

**IN CHAMBERS** at Tallahassee, Florida, on July 8, 2013.

   S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**